IN THE MATTER OF THE APPLICATION OF THE NEW YORK, WEST SHORE AND BUFFALO RAILWAY COMPANY, RESPONDENT, TO ACQUIRE TITLE TO CERTAIN REAL ESTATE OF HERMAN COSACK AND OTHERS, APPELLANTS.

*Taking of land by a railroad — a tenant cannot be allowed damages for expenses to be incurred in removing his personal property from the land.*

In appraising the damages to be awarded to the owner of a leasehold estate in premises which are to be taken for railroad purposes, the compensation must be limited to the market value of the interest of the lessee in the land taken, and all consequential damages arising from the interruption of his business, his inability to perform contracts entered into, the loss of profits and good will, and the expenses of removing his personal property from the premises must be excluded.[*]

Upon a hearing before commissioners appointed to appraise the damages to be awarded to the owners of premises, which were to be taken by a railroad company, the appellants, who were the owners of an unexpired leasehold estate therein, offered to prove that they were lithographers and that the expense of removing their personal property, consisting of lithograph stones, presses and other machinery would amount to $2,687.70.

*Held*, that the evidence was properly excluded.

APPEAL from an order made at a Special Term confirming the award and report of commissioners, appointed to appraise the appellants' damages on condemning certain land for railroad purposes.

The appellants were lessees of the property taken. The unexpired

---

[*] See Matter of N. Y. C. and H. R. R. R. Co., *ante*, page 306.

term, at the time of the appraisal, was two years and eight months; the whole term being for five years. The entire premises were taken; the owner of the fee had conveyed his interest to the railroad company, and the appellants were awarded the gross sum of $6,500 as the market value of their leasehold estate. The lessees were lithographers and used the premises for the purpose of carrying on that business. They offered to prove the expense of removing the personal property on the premises, consisting of 238 loads of lithographic stone used in connection with their business, sixteen presses, weighing about fifteen tons each, and other machinery, in all making about 413 wagon loads; and that it would cost in the aggregate to remove the same $2,687.70, of which the item of carriage hire alone would be $674. This offer was objected to, on the ground that the expense of removing personal property from the premises sought to be acquired was contingent and consequential damage, and was not a proper item of damage to be considered by the commissioners. The objection was sustained and an exception was taken. This presents the only question argued on the appeal.

*Daniel H. McMillan,* for the appellants.

*Ansley Wilcox,* for the respondent.

BARKER, J.:

The commissioners in their award allowed the owners of the leasehold estate the full market value of the same as their damages, in lieu of their interest in the premises taken for the public use under the right of eminent domain. They properly rejected all damages arising from the incidental expense of removing the articles of personal property on the premises and in use, and intended to be used, in connection with the business carried on by the appellants.

Under the statute authorizing these proceedings (chap. 140 of 1850) the compensation to be awarded is limited to the market value of the interest or estate in the land condemned, and all consequential damages arising out of the interruption of business, inability to perform contracts, loss of profits and good will, are excluded as not being within the legislative intent in determining the measure of damages. The expense of removing personal property from the premises is of the same character and are not to be estimated in assessing damages.

The public right is exercised on the land itself.  In the opinion of the legislature full payment, at the market value of the property taken, answers the constitutional provision requiring a just compensation to be paid to the owner of property taken for the public use.  The courts have uniformly concurred in such construction and uphold the validity of statutes limiting damages to the market value of the estate seized. The limitation placed on the jurisdiction of the commissioners under the general railroad law on the subject of damages is unmistakable, as a reference to its terms clearly indicate.  A railroad company is authorized to purchase and acquire title to all lands necessary for its purpose in running and operating its road and transacting its business ; and if it is unable to make and conclude a contract with the owner of such land for the purchase of the same, for any cause, it may institute proceedings in the manner prescribed by the act " for the purpose of acquiring such title," and the commissioners, when appointed, are to " ascertain and determine the compensation which ought justly to be made by the company to the party or parties owning or interested in the real estate appraised by them."  (Secs. 13, 14, 16 of chap. 140 of 1850.)  The rule of damages thus laid down is so plain and distinct that there is no room for interpretation ; the legislative restraint is so obvious and so completely expressed that no court can doubt over the question.  The circumstances of this case do not present the question of compensation for the expense of removing the personal effects from the premises in any different light than it would be if the appellants were the owners of the fee instead of being tenants for a term of years.  The company seeks to acquire a complete title to an entire parcel of land. It should not in fairness be compelled to pay more for the land than its market value, because the owner of the fee has carved out of it a leasehold estate.  The lessees are entitled to receive as their damages the value of their term and the balance belongs to the remainder-man. The rule laid down by the legislature should be faithfully adhered to by the courts as affording a full and complete protection to the landowner and to the corporation.  The rule of the statute has been uniformly applied by the courts since its adoption, although the question as now presented has not been passed upon in a case where the facts are precisely like those now before us.  In the following cases the rule and the purpose of the statute are considered

and passed upon. (*Henderson* v. *N. Y. C. R. R. Co.*, 78 N. Y., 433, *Matter of the Utica, etc., R. R. Co.*, 56 Barb., 456; *Black River and M. R. R. Co.* v. *Barnard*, 9 Hun, 104; *Matter of Prospect Park and C. I. R. R. Co.*, 13 id., 345; *Matter of Comr's Central Park*, 54 How., 313; *Matter of New Reservoir*, 1 Sheld., 408.)

Statutes relating to the opening of streets and awarding damages to property owners have received a similar construction, the courts in such cases confining the compensation to the market value of the property as the true measure of damages. (*Matter of William and Anthony Streets*, 19 Wend., 678; *Matter of Furman Street*, 17 Wend., 649.) In other States and in cases where the right of eminent domain has been exercised in the interest of the public, the rule of compensation adopted excludes all allowances for consequential damages and limits the award to the market value of the property. (Pierce on Railroads, 210–216; Mills on Eminent Domain, § 181–194.) In *Edmands* v. *Boston* (108 Mass., 537) and *Cobb* v. *Boston* (109 Mass., 444), and also in *Central Pacific Railroad* v. *Pearson* (35 Cal., 263), the precise question was passed upon and the claim for compensation for the expense of removing personal property from the premises was rejected as incompetent.

The order appealed from is affirmed, and as the question is novel in its application, without costs.

Present — BARKER, P. J., HAIGHT and BRADLEY, JJ.

Appraisal and report and order confirming the same affirmed, with ten dollars costs and disbursements.